IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>KELLY J. JABLONSKI,<br><br>Defendants. | **4:21MJ3023**<br><br>**ORDER** |

Defendant Jablonski has moved for release to attend intensive outpatient drug treatment. As stated in the motion, Pretrial Services does not agree with the recommendations stated in Defendant's Substance Abuse Evaluation. (Filing No. 37).

At the court's request, Pretrial Services responded to the motion by filing an addendum to the Pretrial Services Report, attaching Jablonski's drug treatment evaluation as an attachment. The addendum report explains why pretrial services is questioning the evaluation results; that is, Jablonski's stated level of drug use during the evaluation differs substantially from her previous statements to pretrial services on that issue. Upon review of the respective reports, I agree. Daily use of methamphetamine over the prior seven months (since July 2020 as reported to pretrial services--Filing No. 16, at CM/ECF p. 3; Filing No. 38, at CM/ECF p. 1) is far different than weekly use over the month prior to her arrest (since January 2021 as reported to the evaluator—Filing No. 38, at CM/ECF p. 6). For that reason alone, I cannot rely on the evaluator's opinion regarding the appropriate level of drug treatment needed by Jablonski. And I cannot use that evaluation to conclude release to intensive outpatient therapy will sufficiently address the risk of harm to the public if she is released.

During the evaluation, Jablonski admitted she was attending the evaluation, as scheduled by her counsel, because she was "charged with possession with intent to deliver," and was "trying to get out of jail so I can figure things out." (Filing No. 38, at CM/ECF p. 5). Based on information received by Pretrial Services on March 4, 2020, while being held on state charges, Jablonski communicated with several individuals from the jail, "asking them to collect debts on her behalf (in the thousands of dollars) and promising she 'can get the money to pay them back when she gets out' if they pay her $50,000 bond." (Filing No. 38, at CM/ECF pp. 1-2). Upon consideration of the foregoing information, the court is not convinced that Jablonski is currently seeking release because she wants to fully participate in drug treatment.

Accordingly,

IT IS ORDERED that Defendant Jablonski's motion for release, (Filing No. 37), is denied without a hearing.
.
Dated this 11th day of March, 2021.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge